99 F.3d 1132
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwight MASON, Defendant-Appellant.
 No. 96-4408.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 17, 1996.
Decided Oct. 29, 1996.
 
 Mark E. Kinley, STEPTOE & JOHNSON, Wheeling, West Virginia, for Appellant. William D. Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 Before MURNAGHAN and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Dwight Mason appeals the district court's order revoking his term of supervised release and imposing a sentence of eight months imprisonment. He contends that the court clearly erred in finding that he used cocaine based on a positive drug test. On a finding that the defendant violated the conditions of his supervised release by unlawfully possessing drugs, revocation of supervised release and imposition of a prison term is mandatory. 18 U.S.C.A. § 3583(d) (West Supp.1996). Finding no error, we affirm.
 
 
 2
 Mason admitted that he violated supervised release by failing to submit to urinalysis on several occasions, violating the law,[1] and leaving the district of supervision without permission. He denied using cocaine despite testing positive for cocaine use on December 1, 1995, and offered various explanations for failing to attend drug counseling sessions regularly. The district court found that Mason had used drugs without authorization, a grade B violation. As a result, his revocation range (with criminal history category III) was 8-14 months. USSG § 7B1.4, p.s.[2] The district court imposed the minimum term of imprisonment.
 
 
 3
 On appeal, Mason argues that the government failed to prove that the initial positive drug test was subsequently confirmed by an alternate testing procedure as required under § 3583(d) when a defendant who is subject to possible imprisonment denies the accuracy of the test. At the sentencing hearing, the probation officer was unable to state that such confirmation had taken place. However, the court found that the appropriate testing regimen was followed. The report from PharmChem Laboratories which was submitted as a government exhibit discloses that the initial EMIT test was followed by a gas chromatography confirmation test, exactly the procedure called for in the statute.
 
 
 4
 We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Mason was cited in Ohio for hit and skip, leaving the scene of an accident, and following too close. He informed the court that he pled guilty to following too close and the other charges were dismissed
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov.1995)